[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISMISS OF DEFENDANT JOSEPH PACITTI
This is an action by the State Traffic Commission (STC) to enjoin the defendant Joseph Pacitti (Pacitti) from operating his development known as Vernon Park Plaza in violation of Conn. Gen. Stats. 14-311 and 14-312.
Pacitti has moved to dismiss the action on the grounds that the STC lacks jurisdiction over his development and, therefore, this Court does not have jurisdiction over the subject matter of this suit. CT Page 9047
Section 14-311 of the Conn. Gen. Stats. prohibits the establishment or operation of certain developments without ". . . a certificate that the operation thereof will not imperil the safety of the public." Those developments which have an exit or entrance on the state highways and which are "major traffic generators" must obtain a certificate from the STC prior to operating. Regulation of Connecticut State Agencies 14-312-1 states:
 (a) Within the context of 14-311 and 14-311a of the General Statutes of Connecticut, any open air theater, shopping center or other such development generating large volumes of traffic shall mean any development providing two hundred or more parking spaces or a gross floor area of one hundred thousand square feet or more.
 (b) Application for certificate for such development shall be made on forms provided by the state traffic commission and shall contain all the data required by the commission.
On September 19, 1989 Pacitti applied for a certificate from the State Traffic Commission for operation of Vernon Park Plaza, a major traffic generator which Pacitti represented would contain a one hundred twenty thousand, three hundred square foot shopping center. The STC granted Pacitti a certificate of operation with the requirement that he comply with the conditions of the certificate.
By letter dated November 21, 1990 Pacitti's agent requested permission from the STC to operate a portion of the Vernon Park Plaza development without complying with certain conditions which had been imposed by the STC, including the widening of Route 83 and installing a new traffic signal. In the letter Pacitti's agent represented that those improvements would be completed as soon after November 21, 1990, as weather permitted.
Based on Pacitti's representation that he would comply with permit conditions once the weather-permitted, the STC approved his request for a partial opening on December 18, 1990. Notwithstanding that weather permitted improvements to be made within a reasonable time after December of 1990, Pacitti failed to make the improvements and the STC issued a cease and desist order dated December 18, 1992. Pacitti failed to appeal the order and continued to operate the Vernon Park Plaza without making the improvements that he represented to the STC would be made. CT Page 9048
Pacitti has now moved to dismiss this action on the grounds that 14-311b confers jurisdictional authority on this court only to enjoin the use of developments which generate large volumes of traffic and do not comply with certification requirement of14-311. However, Pacitti claims that the Vernon Park Plaza is not subject to the provisions of the statute because the portion which he is operating does not contain two hundred or more parking spaces or one hundred thousand square feet of gross floor area.
If Pacitti had wished to challenge the STC's jurisdiction he should have appealed the cease and desist order in accordance with Conn. Gen. Stats. 14-311(e) and the Administrative Procedures Act, Conn. Gen. Stats. 4-183.
The Supreme Court has recently held that the extent of an agency's jurisdiction is in the first instance to be decided by the agency in an administrative context. Cannata v. Department of Environmental Protection, 215 Conn. 616, 629, 577 A.2d 1017
(1990). Moreover, the court will generally not entertain issues which should have been addressed in an established statutory procedure but were not. Norwich v. Lebanon, 200 Conn. 697,708, 513 A.2d 77 (1986). Payne v. Fairfield Hills Hospital,215 Conn. 675, 679, 578 A.2d 1025 (1990). Mr. Pacitti is further estopped from objecting to the STC's jurisdiction because he applied to the STC as a major traffic generator for a certificate of operation and obtained approval from the STC for a partial opening based on representation of full compliance with STC's certificate requirements. Pacitti cannot both take advantage of the STC by obtaining special approval to operate a portion of his development with a promise to comply with all STC conditions, and then argue that the STC has no jurisdiction over him because the portion of his development in operation falls short of the definition of "major traffic generator."
This case is not unlike the case of Birchwood Country Club, Inc. v. Board of Tax Review, 178 Conn. 295, 422 A.2d 304 (1979) wherein the Connecticut Supreme Court held that the plaintiff could not both reap the benefits of an agreement that only a portion of his property should be classified as "open space" and then, later, when required to pay taxes on the property, argue that all of the property should be classified as open space. In holding in favor of the Board of Tax Review, the court in Birchwood Country Club stated, "We conclude that the plaintiff cannot now be CT Page 9049 permitted to maintain a position inconsistent with the one to which it has consented or acquiesced." Id. at 302. The principle that one who recognizes and utilizes the regulations of an agency cannot then attack those regulations once an adverse decision is obtained has often been recognized by our Supreme Court. See St. John's Roman Catholic Church Corporation v. Darien,149 Conn. 712, 717, 184 A.2d 42 (1962); Chudney v. Board of Appeals, 113 Conn. 49, 57, 15 A. 161 (1931).
For the foregoing reasons, the motion to dismiss is denied by the court.
Aurigemma, J.